IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STANLEY WAYNE DAVIS, JR., | : | PRISONER CIVIL RIGHTS |
| GDC ID # 1000859061, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DR. WALTER SMITH et al., | : | CIVIL ACTION NO. |
|     Defendants. | : | 1:15-CV-3049-TWT-AJB |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Plaintiff, Stanley Wayne Davis, Jr., confined in Macon State Prison in Oglethorpe, Georgia, submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 in connection with his previous confinement in the Henry County Jail. [Doc. 1.] The undersigned gave Plaintiff an opportunity to file an amended complaint, [*see* Doc. 5], and Plaintiff has done so, [Doc. 6]. Plaintiff has also filed a construed motion to add Dr. John Sims as a Defendant, [Doc. 8], which is **GRANTED**. [*See also* Doc. 9 at 1 (specifying Sims's first name).] The amended complaint is now before the Court for screening under 28 U.S.C. § 1915A.

**I.     28 U.S.C. § 1915A Standard**

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is

frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A viable claim must be "plausible on its face." *Id.* at 570.

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court construes the factual allegations favorably to a *pro se* plaintiff and holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). This leniency does not permit the Court to act as counsel for a party or to rewrite deficient pleadings. *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 Fed. Appx. 274, 276-77 (11th Cir. Jan. 9, 2008)

AO 72A
(Rev.8/82)

(per curiam) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also GJR Invs., Inc.*, 132 F.3d at 1369 ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . .").

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citing *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001) and *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)).

## II. Discussion

Plaintiff brings this action against the following Defendants: Dr. Walter Smith; Nurse Dorothy Gray; Captain Bobby Sloan; Officer Scarboro; and Dr. John Sims. [Doc. 6 at 1, 3, 4, 7; Doc. 8 at 1; Doc. 9 at 1.][1] Plaintiff was confined in the Henry County Jail on May 26, 2014, when he slipped and fell. [Doc. 6 at 3.] Plaintiff alleges that he "was not able to walk" after his accident. [*Id.*] Plaintiff was taken to the

---

[1] The Clerk is **DIRECTED** to update the docket sheet to add Scarboro and Sims as Defendants.

infirmary, where Nurse Gray (1) "said [that Plaintiff] was faking [his] injuries," and (2) returned him to his dormitory. [*Id.*] Plaintiff's "urinal container was left in the infirmary." [*Id.* at 7.] In the dormitory, Plaintiff's "bunkmate repeatedly pressed the emergency button to alert [Officer Scarboro] that [Plaintiff] needed [his] urinal container." [*Id.* at 6.] Scarboro responded by "plac[ing Plaintiff] and [his] bunkmate on lockdown." [*Id.*] Plaintiff alleges that he "was left to [lie] in [his feces] for [six] hours" until a nurse told Scarboro to send Plaintiff back to the infirmary. [*Id.*] Plaintiff submitted grievances to Captain Sloan regarding Scarboro, but Sloan did not respond. [*Id.* at 4-5.]

Plaintiff further alleges that he acquired a wheelchair at an unspecified time, but Dr. Smith later took it away and did not give Plaintiff a walker to enable him to move around. [*Id.* at 6.] Dr. Smith "continued to tell [Plaintiff that he] was fine and refused to find a different avenue to help [alleviate his] pain." [*Id.*] Dr. Sims apparently agreed with Dr. Smith. [Doc. 8 at 1.] Plaintiff states that he "was forced to drag [himself] across the floor to get on the phone for a week straight." [Doc. 6 at 6.] However, Plaintiff does not address his mobility at the jail after that week.

Dr. Sims prescribed medication for Plaintiff. [*Id.* at 3, 6; Doc. 8 at 1.] On July 23, 2014, Plaintiff "started to experience stomach cramps as well as blood in [his]

4

stool." [Doc. 6 at 3.] Dr. Sims initially stated that Plaintiff was "faking" but shortly thereafter sent him to the hospital. [*Id.* at 3-4.] Doctors at the hospital stated that Plaintiff's medication "was tearing the lining of [his] stomach up." [*Id.* at 4.] When Plaintiff returned to the jail, his medication was discontinued. [*Id.*] Plaintiff "continued to experience major pain in [his] lower back," but Dr. Sims told him that he was "fine." [*Id.*] After being released, Plaintiff sought medical care, "was diagnosed with a herniated disc and multiple muscle and ligament damage," "attended therapy [four] times [per] week," and was prescribed "multiple pain medications." [*Id.*]

Plaintiff was again confined in the Henry County Jail on March 9, 2015, when he slipped and fell a second time. [*Id.*] Plaintiff "experienced even greater pain in [his] back." [*Id.*] Dr. Sims "advised [Plaintiff] to stretch it out" and "work out," and if he did so, he "would be fine." [*Id.*] When Plaintiff told Dr. Sims that Plaintiff had received conflicting medical advice outside the jail, Dr. Sims responded that Plaintiff should "do what [he felt]" was best. [*Id.*] Plaintiff states that Dr. Sims and Dr. Smith "brushed off" his complaints of pain. [*Id.*; Doc. 8 at 1.] Plaintiff was subsequently transferred to Macon State Prison, where he is receiving pain medication. [Doc. 6 at 4.] Plaintiff seeks monetary relief. [*Id.*]

### A. Medical Care

Deliberate indifference to a prisoner's serious medical needs violates the Eighth and Fourteenth Amendments, and the standard is the same under both amendments. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc).

> To prevail on a claim for inadequate medical treatment, a prisoner must satisfy an objective and a subjective requirement. . . . He must show an objectively serious deprivation of medical care by demonstrating (1) an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm, and (2) that the [jail] official's response to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law. . . .
>
> A prisoner must also show a [jail] official's subjective intent to punish by demonstrating that the official acted with deliberate indifference. . . . To satisfy this requirement, a prisoner can show the [jail] official's: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence.

*Barnes v. Martin Cty. Sheriff's Dep't*, 326 Fed. Appx. 533, 534-35 (11th Cir. May 29, 2009) (per curiam) (citations and internal quotation marks omitted).

Plaintiff sufficiently alleges that he had objectively serious medical needs involving mobility, back problems, and stomach cramps. Plaintiff received treatment

6

at the Henry County Jail, including use of a wheelchair, medication, and hospitalization. Plaintiff disagrees with aspects of the treatment, namely, (1) initial assessments by Nurse Gray and Dr. Sims that Plaintiff was "faking" his medical problems, (2) the decisions of Dr. Smith and Dr. Sims to take away Plaintiff's wheelchair and not to provide a walker, and (3) the failure of Dr. Smith and Dr. Sims to (a) diagnose Plaintiff's herniated disc and muscle and ligament damage and (b) prescribe certain pain medications. Notably, Plaintiff cites (1) Dr. Smith's "refus[al] to find a different avenue to help [alleviate Plaintiff's] pain," and (2) medical advice outside the jail that conflicted with Dr. Sims's advice. [Doc. 6 at 4, 6.]

Disagreement over a course of treatment does not give rise to a constitutional claim. *See Harris v. Thigpen*, 941 F.2d 1495, 1504-05 (11th Cir. 1991). Plaintiff's allegations reflect nothing greater than possible negligence or medical malpractice by Nurse Gray, Dr. Smith, and Dr. Sims. Although Plaintiff alleges that he "was forced to drag [himself] across the floor to get on the phone for a week straight," he neither alleges that he gave that information to any of the Defendants nor addresses his mobility after that week. [*Id.* at 6.] Therefore, Plaintiff fails to show that Nurse Gray, Dr. Smith, and Dr. Sims responded to Plaintiff's medical needs poorly enough to constitute unnecessary and wanton inflictions of pain. Plaintiff also fails to show that

7

Nurse Gray, Dr. Smith, and Dr. Sims subjectively intended to punish Plaintiff. Accordingly, Plaintiff fails to state a claim for inadequate medical treatment.

### B.   Conditions of Confinement

"The Constitution does not mandate comfortable [jails] . . . but neither does it permit inhumane ones . . . and the conditions under which [a prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations and internal quotation marks omitted). "[A jail] official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, sufficiently serious . . . ; a [jail] official's act or omission must result in the denial of the minimal civilized measure of life's necessities," which includes food, clothing, shelter, medical care, and a safe environment. *Id.* at 832, 834 (citations and internal quotation marks omitted).  Second, "a [jail] official must have a sufficiently culpable state of mind," namely, "deliberate indifference to inmate health or safety." *Id.* at 834 (internal quotation marks omitted).  A deliberately indifferent official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff alleges that he "was left to [lie] in [his feces] for [six] hours" because

8

Officer Scarboro failed to respond properly to the repeated emergency calls by Plaintiff's bunkmate that Plaintiff needed his urinal container. [Doc. 6 at 6.] Because the situation was temporary, and Plaintiff does not allege that he was physically harmed, the delay in providing the urinal container is not "objectively, sufficiently serious." *Farmer*, 511 U.S. at 834. "[C]ourts that have considered an inmate's temporary deprivation of access to a restroom have found that the lack of access did not amount to the deprivation of the minimal civilized measures of life's necessities." *Butler v. Dale*, No. 12-331-CB-M, 2013 WL 1364035, at *5 (S.D. Ala. Mar. 11, 2013) (citing cases) (internal quotation marks omitted), *adopted*, 2013 WL 1352147 (S.D. Ala. Apr. 3, 2013). "The fact that inmates may occasionally soil themselves while attending to their bodily functions does not automatically mean that they have been subjected to inhumane conditions. . . . No constitutional violation is established unless there are facts that show that the inmates are not given an opportunity to clean themselves after having an accident." *Jernigan v. Dretke*, No. H-04-4672, 2005 WL 1185627, at *2 (S.D. Tex. Apr. 29, 2005) (citations omitted). Plaintiff also does not allege sufficient facts suggesting that Scarboro acted with the necessary intent. Accordingly, Plaintiff fails to state a claim against Scarboro regarding the conditions of Plaintiff's confinement.

### C. Grievances

Finally, Plaintiff's claim that Captain Sloan did not respond to grievances regarding Scarboro is frivolous because "a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Thomas v. Warner*, 237 Fed. Appx. 435, 437-38 (11th Cir. June 5, 2007) (per curiam).

## III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's construed motion to add Dr. John Sims as a Defendant, [Doc. 8], is **GRANTED**.

**IT IS RECOMMENDED** that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  26th  day of February, 2016.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)